UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFERY HAMM,

                Plaintiff,

-against-

NY CITY PD PARKING ENFORCEMENT
ACTION UNIT, et al.

                Defendants.

ORDER DIRECTING PAYMENT OF
FEES OR AMENDED IFP FOR
RELEASED PRISONER

1:20-CV-2687 (CM)

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff proceeds *pro se*, and was held in the North Infirmary Command on Rikers Island when he filed this action. He was, therefore, a "prisoner" as defined in the Prison Litigation Reform Act (PLRA),[1] and faces the PLRA's restrictions. *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted). Under the PLRA, a prisoner proceeding *in forma pauperis* (IFP), for example: (1) must pay the $350.00 filing fee in installments withdrawn from his prison trust fund account, 28 U.S.C. § 1915(b)(1); and (2) can be disqualified from proceeding IFP, that is, without prepaying the filing fee, if he has previously filed three federal civil actions (or appeals), while he was a prisoner, that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, § 1915(g) (the "three strikes" rule).[2]

---

[1] Under the PLRA, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h).

[2] A plaintiff who was a prisoner at the time of filing his complaint is also required to have exhausted available prison administrative remedies. *See* 28 U.S.C. § 1997e(a).

Before resolving Plaintiff's request to proceed IFP, the Court ascertained from public records that he had been released from custody. Upon a prisoner's release, "his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [IFP] status." *McGann v. Comm'r of Social Security*, 96 F.3d 28, 30 (2d Cir. 1996). "A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners." *Id.*

Because Plaintiff has been released, his financial situation may have changed. Thus, if Plaintiff wishes to prosecute this action and proceed IFP, he must complete and submit an amended IFP application within thirty days. Alternatively, Plaintiff may pay $400.00 in relevant fees, which includes the $350.00 filing fee and a $50.00 administrative fee that applies to litigants who are not proceeding IFP. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action for failure to comply with this order, without prejudice to Plaintiff's refiling the action.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so. Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Abdallah v. Ragner*, No. 12-CV-8840 (JPO), 2013 WL 7118083, at *4 (S.D.N.Y. Nov. 22, 2013) ("A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint.") (collecting cases). Accordingly, the

Court also directs Plaintiff to update his address of record within thirty days of the date of this order.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees that are required to file a civil action in this Court or complete and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:20-CV-2687 (CM). Plaintiff must also update his address of record within thirty days of the date of this order.

No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action for failure to comply with this order, without prejudice to Plaintiff's refiling this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 28, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[3] Because Plaintiff is no longer in custody, the Court has directed the Clerk of Court to update Plaintiff's address of record so that it is his residential address that is listed in an attachment to the complaint. (ECF 2, at 12.)